fingers come in contact with various things—particularly mentioning golf clubs and things similar thereto."

While it is well settled that we have the power to modify a judgment and to enter such order as we may deem proper (*Meholiff v. River Transit Company*, 342 Pa. 394, 20 A. 2d 762), "we are loathe to exercise this power and prefer under ordinary conditions that a just verdict shall be rendered on another trial" (*Milyak v. P. R. T. Co.*, 300 Pa. 457, 150 A. 622). Here, however, since no trial errors are assigned and only the verdict is complained of, and since we believe the verdict of $10,000 is so excessive as to shock our sense of justice, this is a proper case for relief to appellant. While the evidence shows that the deformity and disfigurement of minor plaintiff's left hand are considerable and permanent, nevertheless we are convinced that the largest amount that the evidence in this case will support is $7,000.

Judgment in favor of William H. Jackson, II, a minor, by William R. Jackson, is reduced to $7,000, and, as modified, is affirmed.

## Philadelphia Appeal.

### 801-23 South Street Tax Assessment Case.

Argued November 15, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph H. Lieberman,* Solicitor for Board of Revision of Taxes, with him *Frank F. Truscott,* City Solicitor and *Michael D. Hayes,* Assistant City Solicitor, for appellant.

*Harry Norman Ball,* for appellee.

PER CURIAM, January 3, 1949:
The decree of the court below is affirmed.

John Wanamaker, Philadelphia, Appeal.

1301-25 Chestnut Street Tax Assessment Case.